UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.:

ARNALDO L MARTIN,
An Individual,

     Plaintiff,
v.

DORAL LINCOLN, LLC,
A Florida Limited Liability Company

     Defendant.
_____/

**COMPLAINT AND DEMAND
FOR JURY TRIAL**

Plaintiff, ARNALDO L MARTIN, brings this action against DORAL LINCOLN, LLC., a Florida limited liability company, under the Consumer Leasing Act ("CLA"), 15 U.S.C. § 1667, and its implementing regulations, 12 C.F.R. § 1013 *et seq.* ("Regulation M").

**JURISDICTION AND VENUE**

1. The Court has federal question jurisdiction under 28 U.S.C. § 1331 because the claim arises from the CLA, a federal statute. 15 U.S.C. § 1667d(c).

2. Venue is proper before this Court because the acts and transactions giving rise to Plaintiff's action occurred in this district, Plaintiff resides in this district, and Defendant transacts business in this district.

**PARTIES**

3. Plaintiff is a natural person who at all relevant times resided in Miami-Dade County, Florida.

4.      Defendant is a Florida limited liability company with principal offices in Miami-Dade, FL.

**FACTUAL ALLEGATIONS**

5.      In October of 2018, Defendant leased a new 2019 LINCOLN NAUTILUS ("Vehicle") to Plaintiff.

6.      The Vehicle was leased under a Closed-End Vehicle Lease Agreement ("Lease"). A copy of the lease is attached as Exhibit A.

7.      The Lease gave Plaintiff the option to buy the Vehicle at the end of the lease term for $23,723.75 "plus official fees and taxes, and a reasonable documentary fee if allowed by law…." *Id*. ¶ 10.

8.      At the end of the lease term, Plaintiff contacted Lincoln Finance, which was assigned the Lease, and asked about the process to buy the Vehicle.

9.      Lincoln directed Plaintiff to buy the Vehicle through Defendant.

10.     In February 2022, Plaintiff visited Defendant to exercise the purchase option in the Lease.

11.     To buy the Vehicle, Defendant charged Plaintiff a cash price of $24,820.35, which is $1,096.25 more than the purchase option price in the Lease.

12.     Defendant would not sell the Vehicle unless Plaintiff paid the additional $1,096.25.

13.     To buy the Vehicle, Defendant also charged Plaintiff a $898.50 "Predelivery Service Charge" and a $189.95 "Electronic Registration Filing Fee."

14.     Defendant also would not allow Plaintiff to buy the Vehicle without paying the above fees.

15.     These charges were not included in the purchase option price and were never

disclosed in the Lease.

16. Defendant charged and collected more than $2,184.70 more than the purchase option price in the Lease.

### COUNT I AS TO DEFENDANT'S VIOLATION OF FEDERAL CONSUMER LEASING ACT 15 U.S.C. § 1667a

17. The CLA governs the disclosures in the Lease because the lease term ran for 38 months and was for less than $58,300. 15 U.S.C. § 1667(1).

18. Plaintiff is a natural person who leased the Vehicle primarily for personal, family, and household purposes. 15 U.S.C. § 1667(1)-(2).

19. Defendant had to comply with the CLA's disclosure requirements because it was a "lessor" under the CLA.

20. Defendant is a large car dealership that has leased, offered, or arranged to lease vehicles more than five times in the preceding calendar year or more than five times in the current calendar year. 15 U.S.C. § 1667(3); Reg. M § 1013.2(h).

21. As described above, Defendant also had substantial involvement in the lease transaction with Plaintiff.

22. Upon information and belief, Defendant financially gains on the resale of the vehicle at the end of the Lease term.

23. The Lease is governed by the disclosure requirements of 15 U.S.C. § 1667a and 12 C.F.R. § 1013.

24. The disclosure of the purchase option price in the Lease had to be accurate, clear, conspicuous, and complete. 12 CFR § 1013.3(a).

25. Defendant violated 15 U.S.C. § 1667 and 12 CFR § 1013.4(i) by choosing not to disclose in the purchase option price that payment of $2,184.70 in additional charges was required

to exercise the purchase option at the end of the Lease.

26. Defendant violated 15 U.S.C. § 1667 and 12 CFR § 1013.4(i) by choosing not to disclose in the purchase option price that payment of $2,184.70 in additional charges was required to exercise the purchase option at the end of the Lease.

27. Defendant violated 12 CFR § 1013.3(a) because the purchase option price was unclear, inaccurate, and incomplete.

28. These omissions were material to Plaintiff's decision to enter into the Lease, and Plaintiff detrimentally relied on these material omissions.

29. Plaintiff suffered financial loss in that Plaintiff paid $2,184.70 in additional charges to buy the Vehicle.

30. Had Defendant provided a accurate, complete, and clear purchase option price in the Lease, which it was required to do, Plaintiff would have negotiated better terms or declined to lease the Vehicle.

31. Defendant's illegal conduct was the actual and proximate cause of the actual damages suffered by Plaintiff.

32. Pursuant to 15 U.S.C. § 1640, Plaintiff is entitled to recover actual and statutory damages from Defendant, and reasonable attorney's fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff for relief and judgment against Defendant as follows:

A. Actual and Statutory Damages as provided by law;

C. Pre-judgment and post-judgment interest, as allowed by law;

D. Reasonable attorneys' fees and costs;

E. Injunctive relief requiring Defendant to honor its obligation under its Lease

agreements to sell the Leased vehicles for the price identified on the Lease agreement; and

F.    Such other and further relief as is just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

/s/ Darren R. Newhart
Darren R. Newhart, Esq.
FL Bar No: 0115546
E-mail: darren@newhartlegal.com
NEWHART LEGAL, P.A.
14611 Southern Blvd. # 1351
Loxahatchee, FL 33470
Telephone: (561) 331-1806
Facsimile: (561) 473-2946

JOSHUA FEYGIN, PLLC
1800 E. Hallandale Bch. Blvd. #85293
Hallandale, Florida 33009
Tel: (954) 228-5674
Fax: (954) 697-0357
Email:  Josh@JFeyginesq.com

BY:          /s/
       JOSHUA FEYGIN, ESQ.
       FLORIDA BAR NO.: 124685