UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 22-22189-CIV-KING/DAMIAN

ARNALDO L. MARTIN,

    Plaintiff,
vs.

DORAL LINCOLN, LLC,

    Defendant.
_____/

### DEFENDANT'S MOTION TO COMPEL ARBITRATION OR, ALTERNATIVELY, TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION PURSUANT TO FED. R. CIV. P. 12(b)(1)

Defendant, DORAL LINCOLN, LLC ("Doral Lincoln"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 12(b)(1), submits this Motion to Compel Arbitration or, Alternatively, to Dismiss for Lack of Subject-Matter Jurisdiction Pursuant to Fed. R. Civ. P. 12(b)(1), and in support state as follows:

### I.    INTRODUCTION

Plaintiff, ARNALDO L. MARTIN, ("Martin") filed his single-count Complaint on July 15, 2022, alleging that Doral Lincoln violated the Federal Consumer Leasing Act and Regulation M of the Consumer Financial Protection Bureau with regards to certain disclosures provided to Martin concerning the terms of his lease. *See* Compl. [D.E. 1]. Attached to Martin's Complaint is Exhibit A, a partial copy of the underlying Florida Motor Vehicle Lease Agreement between the parties. See Compl., Ex. A. Notably absent however from Martin's Complaint is the entire

1

underlying agreement, which contains a binding and enforceable arbitration provision between Martin and Doral Lincoln.[1]

It is well-settled federal law to enforce arbitration agreements between parties when a facially valid arbitration agreements exists, such as it does here. Given the existence of a binding and enforceable arbitration agreement, the Court must compel this case to arbitration or, alternatively, dismiss this action for lack of subject-matter jurisdiction.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

In his Complaint, Martin admits that he entered into the Lease Agreement with Doral Lincoln for a 2019 Lincoln Nautilus ("Vehicle"). *See* Compl.¶¶5-6. Martin further alleges that he exercised his option to purchase the Vehicle, but was charged additional fees not properly disclosed nor included in the purchase option provision of the Lease Agreement. *See* Compl. ¶¶11-16. The Lease Agreement contains a binding arbitration provision that either party "…may choose at any time, including after a lawsuit is filed, to have any Claim related to this contract decided by arbitration." *See* Declaration, Ex. A at p. 4. The arbitration provision incorporates the arbitration rules of the American Arbitration Association ("AAA") or any other organization, subject to Doral Lincoln's approval. *See* Id. Moreover, the arbitration provision is subject to the Federal Arbitration Act, 9 U.S.C. §§1, e*t seq.* ("FAA"). Indeed, Martin explicitly agreed to be bound by the arbitration provision contained within the Lease Agreement. *See* Id. at p. 2. By this Motion, Doral Lincoln now seeks an order compelling Martin to arbitration, or, alternatively, dismissing the case for lack of subject-matter jurisdiction under Rule 12(b)(1).

---

[1] In support of this Motion, Doral Lincoln relies on the contemporaneously filed Declaration of Robert J. Kussell (the "Declaration") and the complete Florida Motor Vehicle Lease Agreement ("Lease Agreement") attached as exhibit 1. The Court may properly consider such evidence on a motion to compel arbitration under the Federal Arbitration Act and Fed. R. Civ. P. 12(b)(1). *See* Baptist Hosp. of Miami, Inc. v. Medica Healthcare Plans, Inc., 376 F. Supp 3d 1298, 1303 (S.D. Fla. 2019); Schriever v. Navient Solutions, Inc., 2014 WL 7273915, at *2 (M.D. Fla. Dec. 19, 2014); Mamani v. Sanchez Berzain, 636 F. Supp. 2d 1326, 1329 (S.D. Fla. 2009).

### III.  PROCEDURAL STANDARD

The FAA holds arbitration agreements on equal footing with other contracts and reflects a "liberal federal policy favoring arbitration." CompuCredit Corp. v. Greenwood, 565 U.S. 95, 98 (2012). Moreover, the FAA requires courts to "rigorously enforce agreements to arbitrate" Dean Witter Reynolds Inc. v. Byrd, 470 U.S. 213, 221 (1985). Additionally, the FAA should be applied to cases when the claims at issue are federal statutory claims, such as the subject action. Shearson/American Express Inc. V. McMahon, 482 U.S. 220, 226 (1987).

Section 2 of the FAA provides that written arbitration agreements in contracts "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." Federal Arbitration Act, 9 U.S.C. § 2. "Consistent with the FAA's text, courts must rigorously enforce arbitration agreements according to their terms." Walthour v. Chipio Windshield Repair, LLC, 745 F.3d 1326, 1329-30 (11th Cir. 2014) (internal quotations and citations omitted).

Section 3 of the FAA requires that when a court concludes an issue is "referable to arbitration under an agreement in writing for such arbitration" the court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3. However, when a case is subject to binding arbitration, it is within the district court's discretion whether to stay or dismiss a case. Envision HealthCare Corp. v. United HealthCare Ins. Co. 311 F. Supp. 3d 1322, 1325 (S.D. Fla. 2018) (finding dismissal without prejudice appropriate where case was pending for less than two months and the alleged violation occurred within the last five years, such that the statute of limitations would not be implicated); Wolfe v. Carnival Corp. 423 F. Supp. 3d 1347, 1349 (S.D. Fla. 2019) (stating that

3

when all the issues in the case are subject to arbitration, the district court has the discretion to dismiss a case, rather than stay it).

Finally, courts reviewing an arbitration agreement under the FAA must compel arbitration upon a showing that (1) a written enforceable arbitration agreement exists between the parties; and (2) the claims before the court fall within the scope of that agreement. *See* Anderson v. Am. Gen. Ins., 688 F. App'x 667, 669 (11th Cir. 2017); *see also* 9 U.S.C. §2.

### IV. MEMORANDUM OF LAW

A. *A Written Enforceable Arbitration Agreement Exists Between the Parties*

A preliminary question this Court must decide is whether the parties formed an agreement, and whether such agreement includes arbitration. *See* Mitsubishi Motor Corp. v. Soler Chrysler-Plymouth, Inc. 473 U.S. 614, 626 (1985). Florida state law on contract formation controls and applies here. *See* First Options of Chi., Inc. v. Kaplan 514 U.S. 938, 944. In Florida, formation of a contract requires the familiar elements of "(1) offer; (2) acceptance; (3) consideration; and (4) sufficient specification of the essential terms." Vega v. T-Mobile USA Inc., 564 F.3d 1256, 1272 (11th Cir. 2009) (citing St. Joe Corp. v. McIver, 875 So.2d 375, 381 (Fla. 2004)). A cursory review of the Complaint shows that Martin admits to having entered into the Lease Agreement with Doral Lincoln. *See* Compl. ¶¶5-6; *See also* Declaration, Ex. A at p. 2.

Therefore, as a threshold matter, once Martin signed the Lease Agreement, he unequivocally manifested his acceptance of its terms, including the explicit acknowledgment to be bound by arbitration. *See* Id.; *see also* Lujan v. Carnival Corp., No. 11-cv-23826-CIV-SCOLA, at *3 (S.D. Fla. Apr. 2, 2012) ("Lujan's signature manifested his asset to the entire Agreement, and he is bound by it."); Williams v. MetroPCS Wireless, Inc. No. 09-22890-CIV-ALTONAGA/BROWN, at *7 (S.D. Fla. Jan 5, 2010) ("Under normal circumstances, an arbitration

provision within a contract admittedly signed by the contractual parties is sufficient to require the district court to send any controversies to arbitration." (internal quotation marks omitted)). As such, a written, enforceable arbitration agreement exists between Martin and Doral Lincoln.

B.  *The Claim Before the Court Falls Within The Scope of the Arbitration Agreement*

Martin alleges that Doral Lincoln has violated the Federal Consumer Leasing Act, 15 U.S.C. §1667a and regulation M of the Consumer Financial Protection Bureau, 12 C.F.R. §1013 *et seq.,* by failing to disclosure additional fees and charges in the purchase option provision of the Lease Agreement. *See* Compl. §§17-32.

The arbitration provision within the Lease Agreement expressly states that either party "…may choose at any time, including after a lawsuit is filed, to have any Claim related to this contract decided by arbitration." The term "Claim" is further defined as "…any claim, dispute, or controversy" which include but are not limited to "1) Claims in contract, tort, regulatory or otherwise; 2) Claims regarding the interpretation, scope, or validity of this provision or arbitrability of any issue except for class certification; 3) Claims between you and us, our employees, agents, successors, assigns, subsidiaries, or affiliates; 4) Claims arising out of or relating to your application for credit, this contract, or any resulting transaction or relationship, including that with the dealer, or any such relationship third parties who do not sign this contract.". ." *See* Declaration, Ex. A at p. 4.

Therefore, the alleged violation(s) include claims in contract, claims in regulatory action, claims between Martin and Doral Lincoln, claims arising out of the Lease Agreement, and/or claims arising out of or relating to any resulting transaction between the parties. There can be no doubt that a written enforceable arbitration agreement exists between the parties and that Martin's

allegations fall within the scope of arbitration agreement. Therefore, the Court must compel the parties to arbitration.

C.   *The Court Should Dismiss the Case Without Prejudice*

The Eleventh Circuit and Southern District of Florida have routinely held that "motions to compel arbitration are generally treated as motions to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). *See* Sinclair v. Wireless Advocates, LLC, No. 20-CV-60886-RAR, at *7 (S.D. Fla. Nov. 12, 2020); *see also* Barney v. Grand Caribbean Cruises, Inc. No. 21-CV-61560-RAR, at *2 (S.D. Fla. Jan 17, 2022); Babcock v. Neutron Holdings, Inc., 454 F.Supp.3d 1222, 1228 (S.D. Fla. 2020) (citing McElmurray v. Consol. Gov't of Augusta-Richmond Cty., 501 F.3d 1244, 1251 (11th Cir. 2007)).

When a case is subject to binding arbitration, as it is within the instant action, the Court has discretion whether to stay or dismiss the case once arbitration has been ordered. *See* Envision HealthCare Corp. v. United HealthCare Ins. Co. 311 f. Supp. 3d 1322, 1325 (S.D. Fla. 2018). The Envision Court found that dismissal without prejudice was appropriate when the case was pending for less than two months and the alleged violation occurred within the timeframe of the statute of limitations.

Moreover, the Court has discretion to dismiss the case when all of the alleged violations and issues within the pending case are subject to binding arbitration. *See* Wolfe v. Carnival Corp., 423 F. Supp. 3d 1347, 1349 (S.D. Fla. 2019); *see also* Jackson v. Cintas Corp., 425 F.3d 1313, 1317 (11th Cir. 2005); Senior Servs. of Palm Beach LLC v. ABCSP Inc., 12–80226–CIV, 2012 WL 2054971 (S.D. Fla. Jun. 7, 2012) (dismissing the case rather than staying it because all claims in the action were subject to arbitration).

Here, Martin's Complaint was filed on July 15, 2022 and has been pending less than one month. *See* Compl. The alleged violation giving rise to his cause of action allegedly took place on February 2022. *See* Compl. ¶¶10-16. Additionally, Martin's entire cause of action falls within the definition of "Claims" as provided in the arbitration provision. *See* Declaration, Ex. A at p. 4. Therefore, staying the action pending arbitration would be a waste of judicial resources, as all of Martin's claims would be resolved through the arbitration process.

## V.   CONCLUSION

Based on the foregoing reasons and authorities, Defendant Doral Lincoln respectfully ask the Court to compel all of Martin's claims to arbitration or, alternatively, dismiss this case for lack of subject-matter jurisdiction.

Dated: August 31, 2022

**JENKINS LORENZO, LLC**
*Counsel for Defendant*
6501 Congress Avenue, Suite 100
Boca Raton, Florida 33487
Tel: (305) 456-1450

By: */s/ Chase E. Jenkins, Esq.*
　　Chase E. Jenkins, Esq.
　　Florida Bar No. 94261
　　cjenkins@jenkinslorenzo.com
　　Jorge "J.D." Lorenzo, Esq.
　　Florida Bar No. 81702
　　jlorenzo@jenkinslorenzo.com

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that on August 31, 2022, a true and correct copy of the foregoing was served via electronic mail to all counsels of record.

          **JENKINS LORENZO, LLC**
*Counsel for Defendant*
6501 Congress Avenue, Suite 100
Boca Raton, Florida 33487
Tel: (305) 456-1450

By: */s/ Chase E. Jenkins, Esq.*
    Chase E. Jenkins, Esq.
    Florida Bar No. 94261
    cjenkins@jenkinslorenzo.com
    Jorge "J.D." Lorenzo, Esq.
    Florida Bar No. 81702
    jlorenzo@jenkinslorenzo.com